UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REMINGTON DONAVAIR LEBEAUX,

                Plaintiff,

    v.

BRIAN DENNEHY,

                Defendant.

CASE NO. C10-1214-TSZ-JPD

REPORT AND RECOMMENDATION

On July 26, 2010, plaintiff Remington LeBeaux presented to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed with this action *in forma pauperis*. (*See* Dkt. No. 1.) At the time plaintiff filed this action he was confined in the King County Jail. (*See id*.) Plaintiff alleged in his complaint that he had been denied a kosher diet by the Administrator of the King County Jail, Bernie Dennehy, and that this denial constituted religious persecution. (*See* Dkt. No. 5 at 3.)

On August 4, 2010, plaintiff's application for leave to proceed *in forma pauperis* was granted and his complaint was filed. (*See* Dkt. Nos. 4 and 5.) On the same date, this Court issued an Order directing that plaintiff's complaint be served on defendant Dennehy. (Dkt. No. 6.) Defendant filed a timely answer to the complaint on October 4, 2010, and, on October 13,

REPORT AND RECOMMENDATION
PAGE - 1

2010, this Court issued an Order establishing a series of pretrial deadlines. (Dkt. Nos. 10 and 11.) On October 22, 2010, the copy of the pretrial scheduling order which was mailed to plaintiff at the King County Jail was returned as undeliverable with a notation indicating that plaintiff was no longer at that address. (Dkt. No. 12.)

On December 27, 2010, defendant filed a motion to dismiss this action for failure to prosecute. (Dkt. No. 13.) Defendant relies on Local Rule CR 41(b)(2) to support his motion. Rule CR 41(b)(2) provides as follows:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

A review of the record makes clear that over sixty days have passed since mail directed to plaintiff at his address of record was returned by the Post Office. To date, plaintiff has not provided the Court with a new address. Accordingly, this Court recommends that defendant's motion to dismiss be granted. This Court further recommends that plaintiff's complaint and this action be dismissed, without prejudice, for failure to prosecute pursuant to Local Rule CR 41(b)(2). A proposed order accompanies this Report and Recommendation.

DATED this 8th day of February, 2011.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 2